**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| vs. | Case No. 1:23-cr-00183 |
| Arden Harry Little Eagle, Jr., | |
| Defendant. | |

---

**ORDER GRANTING MOTION FOR RECONSIDERATION
AND SETTING CONDITIONS OF RELEASE**

---

[¶1]    THIS MATTER comes before the Court on a Motion for Review of Detention Order filed by the Defendant on March 5, 2024. Doc. No. 81. The United States did not file a response. A Motion Hearing was held on April 3, 2024, to discuss this motion. Doc. No. 88. Upon a review of the record and the arguments posed at the hearing, the Court **GRANTS** the Defendant's Motion.

## I.    BACKGROUND

[¶2]    The Defendant is one of eight individuals charged in connection with the assault and murder of Elijah Red Tomahawk on or about May 4, 2023, in Indian Country. The Defendant was charged with four offenses: assault resulting in serious bodily injury, assault with a dangerous weapon, assault with intent to commit murder and second-degree murder in Indian Country. Doc. Nos. 34, 52. The Defendant executed a plea agreement and on February 7, 2024, entered a guilty plea to one offense: assault resulting in serious bodily injury. Doc. Nos. 65, 72. The Court deferred acceptance of his guilty plea until sentencing, which is presently scheduled for June 11, 2024. Doc. Nos. 67, 72. On February 29, 2024, the Defendant filed a Motion for release. Doc. No. 76. The

1

United States filed a response on March 4, 2024, opposing the Motion. Doc. No. 79. On March 5, 2024, Magistrate Judge Hochhalter issued an Order denying the Defendant's Motion. Doc. No. 80.

**II. DISCUSSSION**

[¶3]    The district court has jurisdiction to review a detention order imposed by a magistrate judge *sua sponte*. 18 U.S.C. § 3145(b); see also United States v Maul, 773 F.2d 1479, 1484 (8th Cir. 1985).  The statute provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).  Information is material for purposes of section 3142(f)(2) only if it indicates that the defendant is less likely to flee or fail to appear or that the defendant is less likely to pose a danger to the community or others. United States v. Smith, 337 F.R.D. 366, 369 (N.D. Fla. 2020). Consequently, "to reopen a detention hearing a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, show that such information is material to and has a substantial bearing on whether he should remain detained."  United States v. Rolenc, No. 20-CR-137 (NEB/ECW), 2021 WL 211253, at *5 (D. Minn. Jan. 21, 2021).

[¶4]    At the Change of Plea hearing, the Court indicated it would be willing to release the Defendant from custody if certain concerns could be assuaged. These concerns included (1) the Defendant's release from tribal custody, (2) a suitable third-party custodian for the Defendant to be placed with, (3) the Defendant's reenrollment in school, and (4) ensuring the Defendant's safety on the Standing Rock Reservation. Upon a review of the record and based upon information

obtained from the Motion Hearing on April 3, 2024, the Court is satisfied these concerns have been addressed.

[¶5]    In the Defendant's Original Motion for Release, counsel provided evidence the Defendant had been released from Tribal Custody. See Doc. No. 76-1.[1] Next, the Defendant's grandmother Carol Kidder provided a statement that she would take the Defendant into her care. Doc. No. 76-2. This statement alone is insufficient to meet the Court's concern. However, Ms. Kidder provided testimony at the Motion Hearing that provides the Court with confidence he will be placed with a suitable third-party custodian. Ms. Kidder indicated she has set-up cameras and motion sensing lights at her home, that she has stable employment with the Tribe, and that her husband stays at home and can supervise the Defendant. Ms. Kidder also expressed her commitment in ensuring the Defendant is provided with a safe and stable home environment that will be supervised by herself and her husband. Based upon this testimony, the Court is satisfied the Defendant will be placed with a suitable third-party custodian as she is responsible and will provide and safe and suitable environment for the Defendant.

[¶6]    Next, defense counsel provided documentation showing the principal of the Standing Rock High School was willing to reenroll the Defendant in school to complete his education. Doc. No. 76-3. Counsel also provided information that the school is willing to work with the Defendant and provide him with the resources he needs to complete his coursework, including an out of school program and summer school. This sufficiently proves that the Defendant will be able to reenroll in school. Lastly, the Court heard testimony from Ms. Kidder that the Defendant will be safe on the reservation. Ms. Kidder has set-up cameras and sensor lights at her home to increase security.

---

[1] Defense Counsel indicated the Defendant will likely be convicted in Tribal Court after the resolution of this matter. The Tribal Court has allowed the Defendant to be released pending final disposition.

Her husband remains at home during the day to supervise the Defendant. Ms. Kidder informed the Court the Red Tomahawk family has no intention of retaliating against the Defendant as he was a minor participant in the offense. This was confirmed by defense counsel and the Defendant's mother, Tiffany Ramsey. As a result, the Court is satisfied the Defendant will be safe on Standing Rock.

[¶7]    The Court has carefully reviewed the record and finds the information presented by Ms. Kidder and defense counsel is new and has a substantial bearing on whether there are conditions of release that will reasonably assure the appearance of the Defendant and ensure the safety of the community. Therefore, the Court will reconsider detention in this case.

[¶8]    Addressing the Defendant's flight risk and danger to the community, the Court concludes the Defendant does not pose a serious risk of nonappearance. The Defendant has significant ties to North Dakota having grown up on the Standing Rock Reservation and having all of his family in that area. In addition, the Court has determined the Defendant does not pose a significant danger to the community. While the offense is serious, counsel for the defense and USA apprised the Court the Defendant was only a minor participant and ran away as the situation escalated. The Defendant has no prior history of violence. Therefore, the Court finds the Defendant does not pose a significant danger to the community.

[¶9]    Accordingly, the court **GRANTS** Defendant's motion (Doc. No. 81).  Defendant shall be released to his grandmother, Carol Kidder, today, April 3, 2024.[2]  Defendant shall comply with the following conditions while on release:

(1)    Defendant shall not violate federal, state, tribal, or local law while on release.

---

[2] Counsel for the Defendant will **immediately** provide the Court and the Probation Office with the address of Carol Kidder's residence.

(2)     Defendant shall appear in court as required and surrender for any sentence imposed.

(3)     Defendant shall refrain from the use of alcohol; any use or possession of narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection progress or specimen may be considered the same as a positive test.

(4)     Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5)     Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6)     Defendant shall reside at the residence of his grandmother, Carol Kidder.

(7)     Defendant is placed in the third party custody of Carol Kidder, who agrees: (1) to supervise the defendant in accordance with all conditions of release, including but not limited to a curfew at Carol Kidder's residence from 8:00 pm to 7:00 am Monday through Friday, and the curfew will on Saturday and Sunday will be from 9:00 pm to 8:00 am;  (2) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (3) to notify the Pretrial Services Officer immediately in the event the defendant violates any conditions of release or disappears.

(8)     Defendant shall not knowingly or intentionally have any direct or indirect contact with any co-defendants involved in this incident,[3] or the Red Tomahawk family. Counsel for defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in furtherance of defendant's legal defense.

(9)     Defendant shall sign all releases of information requested by the Pretrial Services Officer so that his progress and participation in treatment may be monitored.

(10)    Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

(11)    Defendant shall attend school and any summer program education programs or sports related activities.

(12)    Defendant shall undergo a mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

[¶10]   **IT IS SO ORDERED.**

DATED April 3, 2024.

Daniel M. Traynor, District Judge
United States District Court

---

[3] The Court notes a co-defendant identified as G.R. also resides with Carol Kidder, and is thus exempted from this condition.