# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

## Criminal No. 1:23-CR-183

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>vs.<br><br>**ARDEN LITTLE EAGLE,**<br><br>                              Defendant. | **AFFIDAVIT** |

1. My name is RoseAnn Ulness.

2. My date of birth is 10/20/1971.

3. I am the office manager at Ringstrom DeKrey PLLP and have been so for a little over one year.

4. On July 12, 2024, Dane DeKrey informed me about Arden Little Eagle's sentencing hearing and how it was postponed to give Arden a chance to get a chemical dependency evaluation and then, depending on the results of the evaluation, secure a spot in a residential treatment facility.

5. To that end, Dane asked me to work to help Arden get both an evaluation and placement in a treatment facility.

6. I began working on this task soon after.

7. On July 15th, I did the following:

   - Called Good Road Recovery to see if they had a bed for Arden. They did not because Arden cannot receive treatment there because he is not an enrolled member of any of the Three Affiliated Tribes.

- Called Heartview and also New Freedom to see if they had any beds for Arden. I left voicemails at both facilities.

- Connected with Arden's mom, Tiffany, to find out if Arden has Medicaid. Arden does have North Dakota Medicaid.

- Connected with Michelle Deichert and asked her if there was a bed for Arden at Prairie Recovery Center. Michelle stated she needed a drug and alcohol assessment and a physical from Arden before a decision about bed availability could be made. She also stated she needed a signed release of information from Arden.

- Emailed Burleigh-Morton Detention Center a release of information to have Arden sign and return.

8. On July 17th, I did the following:

    - Contacted Burleigh-Morton Detention Center to see if they managed to have Arden sign the release of information.

    - Received the release of information that Arden signed.

    - Emailed the signed release of information to Michelle Deichert at Prairie Recovery Center.

9. On July 18th, I did the following:

    - Received email from Michelle Deichert indicating that she could get a physical scheduled for Arden, but that Arden would need to work with the "programs team" at the Burleigh-Morton Detention Center to get the chemical dependency evaluation scheduled.

10. On July 19th, I did the following:

    - Spoke with the "programs team" at the Burleigh-Morton Detention Center and learned Arden had to be in custody for 30 days before the facility would schedule a chemical dependency assessment. The

2

facility also indicated they were booking out to mid-August for the chemical dependency evaluation.

11. On July 24th, I did the following:

    - Reached out to Summit to see if we could schedule the chemical dependency evaluation ourselves and have a family member bring Arden to the evaluation. Summit said they would follow the jail's recommendation of making Arden sit for 30 days before scheduling the chemical dependency evaluation.

    - Reached out to Michelle Deichert at Prairie Recovery Center to see if she had any suggestions as to how to get the evaluation earlier.

12. On July 30th, I did the following:

    - Received an email from Michelle Deichert saying that her center, too, follows the jail's recommendation. She stated she supported people sitting for 30 days before an evaluation because then they are sober and clean and usually in a better mindset and "really ready" for treatment.

13. Based on all these facilities telling me that they supported waiting 30 days to give Arden a chemical dependency evaluation, I stopped my work on the matter until the 30 days had elapsed.

14. On August 19th, I did the following:

    - Reached out to Michelle Deichert at Prairie Recovery Center to let her know that Arden had asked the "programs team" that he had sat for 30 days and that he wanted to schedule a chemical dependency evaluation. I also asked Michelle if there was anything we could do to prepare to get him into treatment at Prairie Recovery Center. She stated she stills needs his physical and will need to apply for the SUD voucher unless he has medical insurance. I asked Michelle to coordinate his physical with the Burleigh-Morton Detention Center. To date, I have not heard back from Michelle.

15. To my knowledge, Arden has not yet received either a physical or a chemical dependency evaluation at the Burleigh-Morton Detention Center.

16. Based on my work on this matter, I believe it will be much faster and easier if the Court releases Arden on a furlough to receive his physical and chemical dependency evaluation.

17. I declare that this affidavit is true and correct to the best of my knowledge and believe, and I understand that any false statements made above are subject to penalties under the law.

*RoseAnn Ulness*
RoseAnn Ulness

Subscribed and sworn to before me

This <u>27th</u> day of <u>August, 2024</u>.

_____
Notary Public

GWENDOLYN RUTH HOBERG
Notary Public
Minnesota
My Commission Expires Jan 31 2029

4